UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GERALD BARTON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17CV01342 AFG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This pro se matter is before the Court on the motion of Defendant to dismiss this se medical malpractice case against the United States for failure to state a claim. For the reasons set forth below, this motion will be held in abeyance to give Plaintiff, who is proceeding pro se, an extension of time up to and including October 13, 2017, to file a health care affidavit as required by Missouri law.

## BACKGROUND

Plaintiff filed his complaint on April 17, 2017, alleging that on November 15, 2012, he fell as he was walking to the restroom from his hospital recovery room after shoulder surgery at the John Cochran Veteran Affairs ("VA") Hospital in St. Louis, Missouri, and that the VA medical providers did not adequately treat his injuries from the fall. He seeks compensatory and punitive damages. By letter to the Court dated July 17, 2017 (filed on July 18, 2017), Plaintiff states, "Because of my financial limitation, I have not been able to seek a personal doctor." ECF No. 10.

The present motion to dismiss was filed on July 18, 2017. The government notes that although Plaintiff does not cite to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), the complaint is properly construed as one brought pursuant to that statute. The government argues that the complaint must be dismissed because Plaintiff did not file, within 90 days of filing his complaint, an affidavit attesting that he has obtained the written opinion of a health care provider which states that the government was negligent and this caused his damages, as required by Missouri Revised Statute § 538.225, which is applicable to this action.[1] Plaintiff did not respond to the motion to dismiss within the time allowed for a response, and no health care affidavit has been filed.

## **DISCUSSION**

For a plaintiff to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but the court is not required to accept the legal conclusions the plaintiff draws from the facts

---

[1] The government states that on June 17, 2017, it called Plaintiff and sent him a letter informing him about the health care provider affidavit requirement, and enclosed with the letter a copy of Mo. Rev. Stat. § 538.225. A copy of the letter the government asserts it sent is attached to the government's memorandum in support of the motion to dismiss. The letter states that if Plaintiff did not file a health care affidavit by July 17, 2017, the government was planning to file a motion to dismiss Plaintiff's action for failing to comply with § 538.225. (EFC No. 9-1.)

alleged. *Id*.; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

The FTCA is a limited waiver of sovereign immunity in which the United States consents to being sued with regard to the following claims:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant *in accordance with the law of the place where the act or omission occurred*.

28 U.S.C. § 1346(b)(1)(emphasis added).

Missouri law requires a plaintiff in a medical malpractice action to file a health care affidavit. Specifically, Mo. Rev. Stat. § 538.225.1 states:

> In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

The affidavit must be filed "no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days." Mo. Rev. Stat. § 538.225.5.

This Court has consistently dismissed FTCA medical malpractice claims for failure to state a claim upon which relief can be granted where the plaintiff failed to file a health care affidavit required by Missouri law. *See Thake v. United States*, No.

3

4:08CV653TIA, 2009 WL 801618, at *3-*5 (E.D. Mo. Mar. 25, 2009); *Brown v. Luckett*, No. 407CV00703ERW, 2007 WL 2245830, at *4-*6 (E.D. Mo. Aug. 1, 2007). Plaintiff's pro se status does not excuse him from complying with the requirements of § 538.225.1. *See, e.g., Barraza v. Magna Int'l Inc*., No. 4:16-CV-00823-FJG, 2017 WL 2838200, at *3 (W.D. Mo. June 30, 2017).

As quoted above, however, § 538.225.5 allows the Court to grant, for good cause shown, an extension of up to 90 days to file the health care affidavit. Courts have held that while financial inability to obtain a professional opinion would not excuse a plaintiff from compliance with the statute, it could constitute good cause for an extension of time. *Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 242 (E.D. Mo. 2004). Here, in light of Plaintiff's statement that he could not afford "to seek a personal doctor," the Court will grant Plaintiff an extension of time to comply with § 538.225.5. The maximum extension allowable would be 90 days after the affidavit was due. *See Brown v. Luckett*, No 4:07CV00703, at *6 (E.D. Mo. Aug. 1, 2007).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim will be held in abeyance to give Plaintiff an extension of time up to and including **October 13, 2017**, to file a health care affidavit as required by Missouri law. If Plaintiff fails to do so, Defendant's motion to dismiss will

be granted.

Dated this 8th day of August 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE